IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYHEM THOMAS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO.  21-5153 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                    May 31, 2022

Bryhem Thomas ("Plaintiff") seeks review of the Commissioner's ("Defendant")

decision denying his claim for supplemental security income ("SSI").  For the following

reasons, I will grant the Defendant's uncontested motion for remand and remand this

matter for further proceedings.

## I.      PROCEDURAL HISTORY

Plaintiff was born on March 24, 1978, and filed for disability insurance benefits

("DIB") and SSI on October 16 and 23, 2018, respectively.  Tr. at 39, 117, 118, 262-63,

264-76.[1]  Plaintiff alleges disability as of January 24, 2012, as a result of gout and

anxiety.  Id. at 307, 311.  After his claims were denied initially, id. at 117-18, he

requested a hearing before an ALJ, id. at 147-48, which was held on January 14, 2021.

---

[1]Plaintiff withdrew his application for DIB at the administrative hearing because
the relevant time period for purposes of DIB was covered by a prior unfavorable
adjudication dated September 14, 2015.  Tr. at 39-40, 83-92.

Id. at 31-61.[2]  On March 29, 2021, the ALJ found that Plaintiff was not disabled for SSI

purposes and dismissed his application for DIB.  Id. at 13-26.  On June 25, 2021, the

Appeals Council denied Plaintiff's request for review, id. at 1-4, making the ALJ's March

29, 2021 decision the final decision of the Commissioner.  20 C.F.R. § 416.1472.

Plaintiff initiated this action by filing his complaint on November 23, 2021.  Doc.

1.  In response to Plaintiff's brief in support of her request for review, see Doc. 8,

Defendant filed an uncontested motion for remand, noting that "further evaluation of

Plaintiff's claim is warranted."  Doc. 9 ¶ 2.[3]

## II.      DISCUSSION

The ALJ found that Plaintiff suffered from the following severe impairments:

gout, depressive disorder, and anxiety disorder.  Tr. at 15.  In his assessment of Plaintiff's

residual functional capacity ("RFC"), the ALJ found Plaintiff capable of performing

sedentary work with the following limitations:  never operate foot controls with the

bilateral lower extremities; occasionally climb ramps and stairs, balance, stoop, crouch,

and crawl; never climb ladders, ropes or scaffolds; and is able to perform simple, routine

and repetitive tasks that are not done at a production rate pace and involve only simple

work-related decisions.  Id. at 18.  The ALJ further found that Plaintiff could not perform

---

[2]Plaintiff attended a hearing on November 13, 2019, which the ALJ adjourned to allow Plaintiff to obtain representation.  Tr. at 62-79.  Plaintiff withdrew his claim for DIB when accompanied by counsel at the subsequent hearing.  Id. at 39-40.

[3]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In RE:  Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 6.

his past relevant work, id. at 25, but that, based on the testimony of the vocational expert

("VE"), there are jobs that exist in significant numbers in the national economy that he

can perform, specifically surveillance system operator, document preparer, and tube

operator.  Id. at 25-26.  Plaintiff contends that the ALJ's step-five determination is not

supported by substantial evidence because (1) the jobs identified by the VE are

inconsistent with the ALJ's own RFC determination, and (2) the ALJ failed to adequately

explain his findings regarding the medical opinion evidence.  Doc. 8 at 3-15.[4]

In view of the Defendant's uncontested motion for remand, I will comment only

briefly on the ALJ's decision and the record.  Where an unfavorable determination is

made at step five of the five-step sequential evaluation, the Commissioner bears the

burden "to show that the claimant is capable of performing other jobs existing in the local

and national economy, considering his age, education, work experience, and [RFC]."

Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 92 (3d Cir. 2007).  In doing so, ALJs cannot

rely on VE testimony that conflicts with the Dictionary of Occupational Titles ("DOT").

See Social Security Ruling ("S.S.R.") 00-4p, "Policy Interpretation Ruling: Titles II and

XVI: Use of [VE] . . . and Other Reliable Occupational Information in Disability

Decisions," 2000 WL 1898704, at *3 (Dec. 4, 2000) ("[A]djudicators may not rely on

---

[4]Plaintiff also challenges the propriety of the appointment of the Commissioner,
Doc. 8 at 15-16 (citing Seila Law LLC v. Consumer Fin. Prot. Bureau, 140 S. Ct. 2183
(2020)), and that neither the ALJ nor the Appeals Council had legal authority to
adjudicate the case because they were not properly appointed.  Id. at 18-19.  Because I
will grant the Commissioner's uncontested remand motion, I do not find it necessary to
address these arguments.

evidence provided by a VE . . . if that evidence is based on underlying assumptions or definitions that are inconsistent with . . . regulatory policies or definitions.").

Here, as previously noted, the ALJ found that Plaintiff was limited to simple, routine and repetitive tasks involving only simple work-related decisions.  Tr. at 18.  This limitation most closely corresponds to reasoning level one in the DOT.  See DOT App'x C – Components of the Definition Trailer, 1991 WL 688702 (Jan. 1, 2016) (defining reasoning level one as the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions.  Deal with standardized situations with occasional or no variables in or from these situations encountered on the job").  In contrast, level two requires the ability to carry instructions that are "detailed but uninvolved," and level three requires the ability to carry out instructions "furnished in written, oral, or diagrammatic form."  Id.  The ALJ and VE did not specify a reasoning level in identifying the occupations Plaintiff could perform.[5]  However, it is worth noting that the VE testified that Plaintiff, who was limited to simple, routine tasks, would not be able to carry out detailed written and oral instructions.  Tr. at 57.  The jobs of surveillance system monitor, document preparer, and tube operator identified by the VE (id. at 56-57) and adopted by the ALJ (id. at 26), all carry reasoning levels of at least two, and thus they may be precluded by the ALJ's own RFC assessment.  See DOT §§ 379.367.010 (surveillance

---

[5]The VE and the ALJ did state that each occupation required specific vocational preparation ("SPV") level two.  Tr. at 26, 56-57.  As distinguished from reasoning levels, "SVP levels . . . measure the skill level necessary to perform a particular job."  Zirnsak v. Colvin, 777 F.3d 607, 616 (3d Cir. 2014).

monitor, reasoning level 3), 249-587-018 (document preparer, reasoning level 3),

239.687-014 (tube operator, reasoning level two).[6]

 With regard to the ALJ's evaluation of the medical opinion evidence, I note that

the ALJ found the opinions of consultative examiner David Klebanoff, M.D., and treating

physician's assistant Jill Robinholt, PA-C, both to be "somewhat persuasive," tr. at 24,

but then failed to identify which limitations from each opinion he found to be persuasive

or which he rejected.  These omissions are compounded by the ALJ's failure to address

Plaintiff's need for a cane while ambulating, even though both Dr. Klebanoff and Ms.

Robinholt stated that Plaintiff's cane was medically necessary and required for

ambulation.  Id. at 513 (Dr. Klebanoff), 636 (Ms. Robinholt).  Upon remand, it is

incumbent upon the ALJ to explain the supportability and consistency factors when

evaluating a medical source's opinion, see 20 C.F.R. § 416.920c(b)(2), and to fashion an

RFC assessment which accounts for all assessed limitations caused by Plaintiff's severe

and non-severe impairments.

---

[6]"[T]here is no bright-line rule stating whether there is a *per se* conflict between a job that requires level 3 reasoning and a finding that a claimant should be limited to simple and routine work."  Zirnsak, 777 F.3d at 618.  However, the ALJ here did not identify the applicable reasoning level to determine whether there was any conflict between the RFC and the DOT definitions in Plaintiff's case.  See, e.g., McHerrin v. Astrue, Civ. No. 09-2035, 2010 WL 3516433, at *6 (E.D. Pa. Aug. 31, 2010) (remand required where ALJ adopts testimony of VE that claimant can perform an occupation with a higher reasoning level than allowed in RFC, without explanation); Harden v. Comm'r of Soc. Sec., Civ. No. 13-906, 2014 WL 4792294, at * 5 (W.D. Pa. Sep. 24, 2014) (remand where VE identified jobs with reasoning level two, RFC limited claimant to routine, one -to- two-step tasks, and apparent discrepancy was not addressed).

## III.     <u>CONCLUSION</u>

For the foregoing reasons, I will grant the Defendant's motion for remand.  An

appropriate Order and Judgment Order follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRYHEM THOMAS                          :         CIVIL ACTION
                                       :
        v.                             :
                                       :
KILOLO KIJAKAZI, Acting                :
Commissioner of Social Security        :         NO.  21-5153

## **O R D E R**

AND NOW, this 31st day of May, 2022, upon consideration of Plaintiff's brief

(Doc. 8), Defendant's Uncontested Motion to Remand (Doc. 9), and the administrative

record (Doc. 7), IT IS HEREBY ORDERED that the Motion for Remand is GRANTED,

and the case is REMANDED for further proceedings.

This remand is ordered pursuant to the fourth sentence of 42 U.S.C. § 405(g).  The

Clerk of Court shall mark this case closed for statistical purposes.

                           BY THE COURT:

                           /s/ ELIZABETH T. HEY

                           _____

                           ELIZABETH T. HEY, U.S.M.J.